THE CITY OF LEAVENWORTH v. GEORGE H. WEAVER.

POLICE COURT, *Appeal from.* Where a prosecution is had in the name of a city of the first class as plaintiff, before the police judge of such city, for an alleged violation of a city ordinance, and a motion is made by the defendant to quash the complaint, and the decision of the police judge on such motion is against the city, the city cannot take an appeal directly from the decision of the police judge to the supreme court.

*Appeal from the Police Court of Leavenworth City.*

PROSECUTION begun August 9, 1881, by the *City of Leavenworth*, in the police court of said city, against *Weaver*, for

an alleged violation of a certain ordinance of that city. The court sustained the defendant's motion to quash the complaint filed against him, and gave judgment accordingly. The city appeals. The opinion states the facts.

*E. Stillings,* for appellant.

*H. W. Ide,* and *C. F. W. Dassler,* for appellee.

The opinion of the court was delivered by

VALENTINE, J.: This is a prosecution brought in the name of the city of Leavenworth against George H. Weaver, before the police judge of the city of Leavenworth, a city of the first class, for an alleged violation of an ordinance of such city, passed in pursuance of the power conferred upon cities of the first class by the act of March 4, 1881, (Laws of 1881, art. 3, sec. 11, sub-div. 3,) which ordinance provides for the levy and collection of license taxes upon merchants and others. The defendant appeared before the police judge and moved the court to quash the complaint, for the reason that the ordinance under which the complaint was drawn was not in conformity with the charter for cities of the first class, or with the state constitution. The motion was sustained by the police judge, and the defendant was discharged. The plaintiff now brings the case to this court on appeal.

The first question arising in this case is, whether a prosecution for the violation of a city ordinance can be appealed directly from the police judge of such city to the supreme court. We think we shall have to answer this question in the negative. Under the constitution of the state, the supreme court has no appellate jurisdiction, except such as may be provided by law, (Const., art. 3, sec. 3,) and there is no law anywhere to be found conferring any appellate jurisdiction upon the supreme court, except in cases appealed from the district court; and all laws giving any appeal from the police judge to any court, give such appeal to the district court. Secs. 51, 60 and 65 of the act relating to cities of the first class read as follows:

"SEC. 51. The police judge shall have exclusive jurisdic-

tion to hear and determine all cases for offenses against the ordinances of the city, and concurrent jurisdiction with justices of the peace and district courts for the trial of all misdemeanors arising within the limits of the city where the fine does not exceed five hundred dollars or imprisonment not exceeding one year. The police judge shall also have concurrent jurisdiction for the examination of all offenders against the law of the state arising within the city limits: *Provided,* That the penalty imposed by any ordinance shall in no event be less than that fixed by the state law for the same offense."

"SEC. 60. In all cases before the police judge wherein the fine assessed exceeds twenty dollars, or the imprisonment one month, an appeal may be taken by the defendant to the district court in and for the county in which said city is situated; but no such appeal shall be allowed unless such defendant shall within ten days after such conviction enter into recognizance, with sufficient security to be approved by the judge, conditioned for his appearance at the district court of the county, at the next term thereof, to answer the complaint against him, and for the payment of the fine and costs of appeal, if it should be determined against the appellant."

"SEC. 65. In all cases not herein specifically provided for, the process and proceedings shall be governed by the laws regulating proceedings in justices' courts in criminal cases; and it shall be his duty to keep a complete record of his proceedings in each case, in like manner as justices of the peace are required to do in criminal cases." (Laws of 1881, pp. 98, 100, 101.)

All appeals from justices of the peace are to the district court (Comp. Laws of 1879, p. 776, §§ 21, 22 and 23; also p. 720, § 120); and no appeal can be taken directly from a justice of the peace to the supreme court. (*The State v. Harpster,* 15 Kas. 322.)

We think we have no authority to review the decision of the police judge, or to render any decision in the case upon its merits. The case will therefore be dismissed.

All the Justices concurring.